**The STATE of Texas, Appellant,**

v.

**Michael Leonard GOEBEL, Appellee.**

**The STATE of Texas, Appellant,**

v.

**Julie Kay HOVAR, Appellee.**

**Nos. C14–88–393–CR, C14–88–435–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Oct. 20, 1988.

Discretionary Review Refused
Feb. 22, 1989.

John B. Holmes, Jr., Calvin A. Hartmann, Houston, for appellant.

David H. Berg, Houston, for appellees.

Before JUNELL, SEARS and CANNON, JJ.

## OPINION

JUNELL, Justice.

Proceeding under article 44.01 of the Texas Code of Criminal Procedure Annotated (Vernon Supp.1988), the State appeals from the trial court's order quashing the indictments of appellees, Michael Leonard Goebel and Julie Kay Hovar. Appellees were indicted for manufacture of a controlled substance, namely 3, 4–methylenedioxy methamphetamine ("MDMA"). Appellees' motions to quash the indictments were granted by the trial court and the charges against appellees were dismissed. In one point of error the State contends that the trial court erroneously granted appellees' motions. We reverse the order of the trial court and order the indictments of appellees reinstated.

On April 10, 1985, the Texas Senate passed a bill placing MDMA in article 4476–15 of the Texas Revised Civil Statutes Annotated (Vernon Supp.1988) (Controlled Substances Act). On May 22, 1985, the bill passed the House of Representatives becoming effective on September 1, 1985. Act of June 3, 1985, ch. 227, sec. 2, 1985 TEX.GEN.LAWS 1109. The effect of the legislature placing MDMA in Schedule I and in Penalty Group 2 of the Controlled Substances Act was, inter alia, to make manufacture of MDMA a felony offense.

On November 13, 1986, the Administrator of the Drug Enforcement Administration ("DEA") issued a final rule placing MDMA into Schedule I of the Federal Controlled Substances Act, 21 U.S.C. secs. 811, 812 (1987). In *Grinspoon v. Drug Enforcement Admin.*, 828 F.2d 881 (1st Cir. 1987), the First Circuit vacated the Admin-

istrator's determination that MDMA should be placed in Schedule I of the Federal Controlled Substances Act and remanded the rule for further consideration by the DEA.

In the hearing on the motions to quash in this case appellees, successfully argued that the deletion of MDMA from Schedule I of the Federal Controlled Substances Act should have resulted in the deletion of MDMA from Schedule I of the Texas Controlled Substances Act. Therefore, appellees argue, they cannot be prosecuted for manufacture of MDMA if it has not been properly scheduled. Appellees' argument relies on section 2.09(e) of article 4476–15 which gives the State Commissioner of Health authority to reschedule, add, or delete any substance to the State Controlled Substances Act if it has been designated, rescheduled or deleted as a controlled substance under the federal law. Appellees argue that MDMA was placed in Schedule I of the Texas Controlled Substances Act as a result of MDMA being designated a controlled substance in the federal law. We disagree.

Although the Commissioner of Health has been given the authority by the legislature to add or delete any controlled substance that has been added to, or deleted from, the federal law, no such action was taken in this case. The legislature placed MDMA in Schedule I and in Penalty Group 2 of the Controlled Substances Act. The legislature's action, placing MDMA in the Controlled Substances Act, is not affected by the change in the federal law. *See* TEX.REV.CIV.STAT.ANN. art. 4476–15 sec. 2.09(a) (Vernon 1976). The Court of Criminal Appeals has held that the courts are bound to accept the legislative characterization of prohibited substances. *Few v. State,* 588 S.W.2d 578, 583 (Tex.Crim.App. [Panel Op.] 1979). Therefore, since the legislature has properly classified MDMA as a controlled substance, making manufacture of MDMA a crime in Texas, we conclude the trial court erred in quashing the indictments. The State's point of error is sustained.

The trial court's order is reversed and the indictments are ordered reinstated.